[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Patricia Ramos was a sophomore at Central High Schol [School] in Bridgeport in December, 1992, when she alleges she incurred physical injuries at the school when several female teenagers grabbed her from behind and pushed her. The defendants are the City of Bridgeport, its Board of Education CT Page 5422 and the principal of the high school. After a trial at which two witnesses testified, the plaintiff on her own behalf and Jimmy Colon, a special police officer assigned to Central High School, for the defendants, the court entered judgment for the defendants, finding that "the plaintiff failed to sustain her burden of proving that her injuries were proximately caused by the negligence of any of the defendants in failing to provide adequate security at Central High School to prevent strangers from entering and assaulting students." The court granted the plaintiff's subsequent motion for articulation and sets forth its findings more fully herein.
The plaintiff testified that as a sophomore she was attacked in a hallway at Central High School on December 1, 1992 as she was walking toward an exit door at the end of the school day. Three female teenagers grabbed her from behind. One held the plaintiff in a headlock while the others removed and took the jacket which plaintiff was wearing. After the jacket was removed, the attackers pushed the plaintiff against the stairs and then left the school. The plaintiff alleges that she incurred neck and lower back injuries as a result of this incident.
The plaintiff alleges in her complaint that the three attackers were not pupils at the school, but were "strangers." Substantially all of plaintiff's allegations of negligence on the part of the defendants concern the defendants' failure to take adequate precautions to prevent strangers from entering Central High School. The plaintiff therefore had the burden of establishing by a fair preponderance of the evidence that the attackers were "strangers," i.e., non-pupils. This burden was not met.
Although the plaintiff testified at the outset of trial that she did not believe that the three attackers were students at Central High School, she later conceded that she did not get a clear look at their faces. She further admitted on cross-examination that she did not know whether the teenager who held her in a headlock was a student at Central High School, that she did not see this teenager clearly, and that she would not be able to recognize her. Colon testified that there are 1800 students at Central High School and that on the date of the incident the plaintiff stated that she did not recognize two of the attackers and therefore thought that they were not students at the school. CT Page 5423
The court finds this evidence insufficient to establish by a fair preponderance of the evidence that the plaintiff's attackers were strangers, not pupils at Central High School. Moreover, even if the evidence were sufficient to find that the attackers were indeed non-pupils who gained admission to the high school building, there was no evidence on which the court could find that the security provided at the school was inadequate or that the defendants failed to exercise due care to prevent strangers from entering the school. The plaintiff testified to the numerous security procedures employed at Central High School and conceded that she did not know of anyone else at Central High School who had been attacked inside the school by non-students. Colon provided further details of the security procedures utilized at the school. Assuming the attackers were non-students, the fact that they did gain access to the school does not in and of itself establish negligence on the part of the defendants.
The court entered judgment for the defendants based on the foregoing findings of fact.
CHRISTINE S. VERTEFEUILLE, JUDGE